UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| IN RE:  BIOGEN INC. SECURITIES LITIGATION | ) ) ) ) | Civil Action No. 15-13189-FDS |

### ORDER ON PLAINTIFFS' MOTION TO VACATE ORDER OF DISMISSAL AND FOR LEAVE TO AMEND THE COMPLAINT

**SAYLOR, J.**

This is a putative class action involving alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a), and SEC Rule 10b-5.  The Court granted defendants' motion to dismiss the amended complaint with prejudice for failing to plead facts giving rise to a strong inference of scienter.  Citing "newly discovered" evidence of defendants' scienter, plaintiffs have moved pursuant to Fed. R. Civ. P. 59(e) and 60(b)(2) for relief from the order of dismissal and for leave to amend the complaint.  (Dkt. 74).  After careful consideration of plaintiffs' proposed second amended complaint ("SAC") (Dkt. 76, Ex. A) and their stated reasons why the "new" evidence was previously undiscoverable, the motion will be denied.

Lead plaintiff GBR Group, Ltd. brought suit, on behalf of a class of similarly situated persons, against biopharmaceutical company Biogen Inc. and three Biogen executives.  Plaintiffs contended that class members were harmed when they purchased Biogen's common stock at prices that were artificially inflated by the company's materially misleading statements and omissions about Tecfidera, its leading multiple sclerosis drug.  The original complaint was filed in August 2015.  After GBR was appointed lead plaintiff in November and received a sixty-day extension to file an amended complaint, the amended complaint was filed on January 19, 2016.

In March, defendants moved to dismiss the amended complaint with prejudice under the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Fed. R. Civ. P. 12(b)(6). Without moving for leave to amend the complaint, plaintiffs opposed defendants' motion.[1] In April, the parties appeared for a motion hearing, during and after which plaintiffs continued to oppose dismissal without moving for leave to amend.

On June 23, the Court granted defendants' motion to dismiss. The Court concluded that the 216-paragraph amended complaint plausibly alleged three material misstatements or omissions concerning Tecfidera's discontinuation rates.[2] However, it also concluded that the complaint failed to plead specific facts giving rise to a strong inference of scienter, as required by the PSLRA, 15 U.S.C. § 78u-4(b)(2). (Dkt. 72 at 51-69). Specifically, the Court concluded that the non-fraudulent inferences were stronger than the alleged inference of scienter—that is, an intent to defraud or recklessness:

> Considered as a whole, the complaint presents allegations of scienter that are perhaps plausible, but not "cogent and compelling." *Tellabs*, 551 U.S. at 324; *see also ACA Fin.*, 512 F.3d at 59 (noting that scienter "should be evaluated with reference to the complaint as a whole rather than to piecemeal allegations"). Again, the allegations from confidential sources—none of whom personally spoke to defendants or witnessed any overtly fraudulent behavior—contribute somewhat to plaintiffs' asserted inference of scienter. However, they are too vague and conclusory to create a strong inference of recklessness or intent. Indeed, the allegations concerning physicians' discomfort after the PML death and declining Tecfidera sales are at least partly consistent with defendants' repeated public disclosures. Furthermore, the complaint's "additional" motive and core-product allegations provide very little support to an inference of scienter. Without more, plaintiffs' circumstantial case of scienter is not strong or compelling.

---

[1] On the final page of their thirty-page opposition to defendants' motion to dismiss, plaintiffs contended that their investigation was "ongoing" and that "leave to amend should be permitted *if defendants' motion is granted*." (Dkt. 67 at 30) (emphasis added). That practice has been specifically discouraged by the First Circuit. *See Fire & Police Pension Ass'n of Colo. v. Abiomed, Inc.*, 778 F.3d 228, 247 (1st Cir. 2015) ("We wish to discourage this practice of seeking leave to amend after the case has been dismissed.").

[2] The amended complaint "allege[d] that defendants made more than twenty misrepresentations and omissions that materially understated the actual effect that the PML death was having on Tecfidera sales." (Dkt. 72 at 43). The Court concluded that the majority of those alleged misrepresentations were not actionable as a matter of law. (*Id.* at 43-51).

2

> In sum, even after drawing all reasonable inferences on behalf of plaintiffs, the most compelling inference to be drawn from the complaint as a whole is that defendants were unduly optimistic—at worst, negligently so—in predicting how quickly Tecfidera sales would recover from the PML announcement. "Still, 'allegations of corporate mismanagement are not actionable under Rule 10b-5. Nor are allegations of mere negligence.'" *Fire & Police Pension Ass'n of Colo.*, 778 F.3d at 246 (quoting *Waters Corp.*, 632 F.3d at 760) (alteration omitted). Without evidence sufficient to support a strong inference of intent, or at least recklessness, defendants' failure to predict the future does not support a claim for securities fraud . . . .

(*Id.* at 68-69). The order of dismissal was entered on July 1.

On July 21, plaintiffs filed a proposed second amended complaint and moved pursuant to Fed. R. Civ. P. 59(e) and 60(b)(2) to vacate the order of dismissal based on "newly discovered" evidence of defendants' scienter. Plaintiffs' "new" evidence consists of allegations from two additional confidential witnesses (CW11 and CW12), and a declaration from a neurologist describing discontinuations of Tecfidera at the MS Institute at Shepherd in Atlanta, Georgia.

Amendment or alteration of a judgment under Rule 59(e) is "an extraordinary remedy" that "should be used sparingly." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (internal quotation marks omitted). The Court has "substantial discretion and broad authority" to grant a motion for reconsideration pursuant to the rule. *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 81 (1st Cir. 2008). However, a motion for reconsideration will be granted only upon a showing of (1) a "manifest error of law," (2) new evidence, or (3) a misunderstanding or other error "not of reasoning but apprehension." *Id.* at 81-82. In addition, Rule 60(b) provides a mechanism for setting aside a judgment in certain circumstances. The rule provides, in relevant part, that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."

Fed. R. Civ. P. 60(b)(2).  "Because Rule 60(b) is a vehicle for extraordinary relief, motions invoking the rule should be granted only under exceptional circumstances."  *Davila-Alvarez v. Escuela de Medicina Universidad Central del Caribe*, 257 F.3d 58, 64 (1st Cir. 2001) (internal quotation marks omitted).

A Rule 59(e) motion brought on the basis of new evidence "must be denied where the 'new evidence' consists of information that, in the exercise of due diligence, could have been presented earlier."  *In re Genzyme Corp.*, 2012 WL 6674483, at *2 (D. Mass. Dec. 21, 2012), *aff'd sub nom. In re Genzyme Corp. Sec. Litig.*, 754 F.3d 31 (1st Cir. 2014) (citing *Emmanuel v. International Broth. of Teamsters, Local Union No. 25*, 426 F.3d 416, 422 (1st Cir. 2005)); *see Biltcliffe v. CitiMortgage, Inc.*, 952 F. Supp. 2d 371, 384 (D. Mass. 2013).  "At the very least the [moving party] must put forth a 'cogent reason' as to why this evidence could not have been offered at an earlier stage of the proceedings."  *Id.* (quoting *Fisher v. Kadant*, 589 F.3d 505, 513 (1st Cir. 2009)).  Similarly, a party moving for relief from judgment on the basis of newly discovered evidence under Rule 60(b)(2) "must at the very least, offer a convincing explanation as to why he could not have proffered the crucial evidence at an earlier stage of the proceedings."  *Fisher*, 589 F.3d at 513 (quoting *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19-20 (1st Cir. 2002)).

As an initial matter, plaintiffs were aware of at least some of the "new" evidence before the Court entered the order of dismissal on July 1.  *See Gonzalez-Pina v. Rodriguez*, 407 F.3d 425, 433 (1st Cir. 2005) (affirming denial of Rule 60(b)(2) motion because "new" evidence was discovered fourteen days *before* court granted summary judgment, which "quickly dispose[d]" of the issue) (citing *Mitchell v. United States*, 141 F.3d 8, 18 (1st Cir. 1998)).  In fact, both CW11 and CW12 were interviewed by plaintiffs approximately two months before the Court entered

4

the dismissal.[3]  Plaintiffs contend that they did not immediately receive documents confirming the allegations of CW11 and CW12, and they were "developing [the neurologist's] expected testimony . . . when the Court issued the Order." (Pl. Mem. 19).  At a bare minimum, however, plaintiffs should have moved for leave to amend shortly after the interviews, citing the interview allegations as grounds for seeking additional time to file an amended complaint.

In any event, plaintiffs fail to provide a "cogent" or "convincing" reason why the "new" evidence could not have been discovered earlier with appropriate diligence.  As reasons, plaintiffs cite "the timing of CW11's departure from [Biogen]," "CW12's initial unwillingness to cooperate," and the fact that "[w]ithout the introduction from CW12, [plaintiffs] could not know that [the neurologist] should be interviewed." (Pl. Mem. 7, 20).  Those justifications fall well short of justifying the "extraordinary" relief that plaintiffs request, especially given the amount of time they had to conduct their investigation.  The proposed class period is December 2014 to July 2015.  The initial complaint was filed August 8, 2015.  GBR moved to be appointed lead counsel on October 19, 2015, and its motion was granted on November 17.  The Court then granted plaintiffs an additional sixty days from the appointment date to file an amended complaint.  The hearing on defendants' motion to dismiss was not held until early April 2016, and the Court did not issue its 72-page order granting defendants' motion until late June.  In short, plaintiffs had ample time to conduct a diligent investigation and, if necessary, move for leave to amend.  They did not.

There are numerous reasons why plaintiffs' justifications are not convincing, but one example will suffice.  Plaintiffs contend that CW12 did not suggest until June 2016 that they interview Dr. Thrower, the Shepherd Center neurologist, and therefore "they *could not know* that

---

[3] CW11 was interviewed on May 11 and CW12 was interviewed on April 29. (Greenbaum Decl. ¶¶ 5, 6).

Dr. Thrower should be interviewed or that he had knowledge about the facts set forth in his declaration" until then. (Greenbaum Decl. ¶¶ 9-10) (emphasis added). However, there is a considerable difference between plaintiffs arguing that they "could not know" something because a witness did not volunteer the information to them, and demonstrating a cogent reason why a diligent investigation could not uncover the evidence. For example, plaintiffs concede that they interviewed CW12 in April 2016, and that he alleged "[m]ost of the doctors [he] sold Tecfidera to discontinued patients off the drug because of the PML death." (SAC ¶ 64). Setting aside the fact that plaintiffs did not interview CW12 until three months after the filing of the amended complaint (and weeks after the motion hearing), surely a diligent follow-up question or two would likely have uncovered who those doctors were, or at least where (generally) they worked. In light of the fact that Dr. Thrower worked at the Shepherd Center—supposedly CW12's "number one MS volume and influencer account"—plaintiffs could have uncovered Dr. Thrower's identity by late April at the latest. (*Id.* ¶ 65).

In sum, after careful consideration of the proposed second amended complaint and plaintiffs' explanations, it appears that the "newly discovered" evidence should have, with the appropriate investigative diligence, been discovered and presented earlier in the proceeding. At the very least, plaintiffs have failed to provide the Court with a cogent or convincing reason otherwise. Accordingly, plaintiffs' motion for the "extraordinary" relief under Fed. R. Civ. P. 59(e) and 60(b)(2) is DENIED.

**So Ordered.**

Dated: September 28, 2016

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
United States District Judge